# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7431 | **DATE** | 5/18/2012 |
| **CASE TITLE** | Antoine Peters vs. Thomas R. Sumner | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, plaintiff Antoine Peters's "Motion to Reinstate" [57] his "Motion to Alter/Amend the Judgment" [45] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Antoine Peters alleges that he was convicted on state charges of aggravated battery with a firearm in 2005 and sentenced to six years in prison. (Dkt. No. 13 ("Am. Compl.") ¶ 1.) He sought habeas relief at both the state and federal levels, pursuing his claims to the Illinois Supreme Court and the United States Supreme Court. (*Id.* ¶¶ 3-7.) Peters claims now that his conviction was "void" and that the state trial judge was biased against him. (*Id.* ¶ 2.) He also alleges that the state and federal judges and justices who adjudicated his habeas petitions conspired to deprive him of his right to due process. (*Id.* ¶ 17.)

On April 13, 2012, the court granted the federal and state defendants' motions to dismiss (Dkt. No. 43) because judicial officers have "absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Peters moved to alter or amend that ruling under Fed. R. Civ. P. 59(e). (Dkt. No. 45.) He then withdrew that motion (Dkt. No. 47), but now seeks to reinstate it. (Dkt. No. 57.)

If the court were to reinstate Peters's motion, it would be untimely, because motions under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Moreover, it is well settled that "[t]he district court cannot extend the time for making a Rule 59(e) motion." *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). That rule applies equally to pro se litigants. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Even if the court were willing to reinstate Peters's motion, it would not be granted. "[A] Rule 59(e) motion will be granted only in the case of a manifest error of law or fact, or newly discovered evidence." *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). Peters's motion contends that the court erred by not taking into account the facts in his complaint. He bases his argument on the court's statement that "Peters has not pleaded any facts indicating that the judges and justices he sued acted without jurisdiction." (Dkt. No. 43.)

## STATEMENT

Peters is incorrect. The court has read and considered his amended complaint. The allegations therein indicate that Peters disagrees with the rulings of the various judges and justices who have ruled on the case in which he was involved, but they do not indicate that any of the judicial officers acted "in the absence of all jurisdiction."

Peters's motion also repeatedly insists that the court has treated him unfairly by dismissing 19 defendants in the April 13, 2012, order. Peters is incorrect, however, because the court issued its ruling in response to the defendants' motions to dismiss. Peters had an opportunity to respond to those motions. (Dkt. No. 37.) The court evaluated his response and issued its ruling. Peters has thus received due process for his claims.

Accordingly, Peters's motion to reinstate his motion to alter amend the judgment is denied.

*James F. Holderman*